

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Tjio v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tjio v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3860 / 07-1785

ANIK TJIO;
TJANDRA HENDRO SOESANTO

Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency Nos. A79-347-324 and A79-347-325)

Submitted pursuant to Third Circuit LAR 34.1(a)
February 8, 2008

Before: McKEE, AMBRO,
and ALDISERT, Circuit Judges

(Filed: March 26, 2008)

_____

OPINION

_____

McKEE, <u>Circuit Judge</u>:

Tjandra Soesanto and Anik Tjio (husband and wife) petition for review of a

decision of the Board of Immigration Appeals.[1]  For the reasons that follow, we will deny

the petition.[2]

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we

need not set forth the factual or procedural history except insofar as may be helpful to our

brief discussion.

On July 24, 2006, the BIA dismissed Petitioners' appeal of the Immigration

Judge's order denying their applications for asylum, withholding of removal and

protection under the Convention Against Torture (the "CAT").  On February 13, 2007, the

BIA issued a second decision in which it vacated the IJ's finding that Petitioners' asylum

application was frivolous, but reaffirmed the IJ's denial of relief.  We now hold that

substantial evidence supports the BIA's decision.

---

[1] Petitioner Soesanto initially claimed eligibility for relief as a derivative of Tjio's application for asylum and withholding of removal.  He subsequently filed his own application and the IJ held joint hearings on their applications.

[2] Petitioners argue that the Board erred in failing to consider a Motion to Hold Decision in Abeyance "that has not been included in the Administrative Record." Petitioners' Br. at 10. Our review is limited to the administrative record, and we may not consider the Board's failure to rule on a motion that is not included in that record. *Dia v. Ashcroft*, 353 F.3d 249 (3d Cir. 2003) (*en banc*).

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We apply an "extremely deferential" substantial evidence standard to the BIA's findings of fact. *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004). Accordingly, we will reverse the BIA's determinations on issues like past persecution, the likelihood of future persecution, and the likelihood of torture only if "the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir. 2001).

We uphold an IJ's adverse credibility determinations "if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005). Where an IJ makes an adverse credibility finding, he/she must supply specific, cogent reasons for concluding that the petitioner is not credible. *Gabuniya v. Attorney General*, 463 F.3d 316, 321 (3d Cir. 2006). In addition, the IJ's conclusions must be based on the record, not on "conjecture or speculation." *Dia v. Ashcroft*, 353 F.3d 228, 249-250 (3d Cir. 2003).

## III.

Petitioners claim that they will be harmed and persecuted in Indonesia on account of their religion and ethnicity. They offered evidence relating to a sexual assault on Tjio in a shopping mall in Indonesia. They also testified to subsequent threats and attempts to extort money from Petitioners by a security guard and a police officer.

The IJ dismissed Petitioners' application for asylum because it was not filed within

one year of their entering the United States and neither Petitioner could establish changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2). The IJ also denied withholding of removal and relief under the CAT. In doing so, he noted several inconsistencies and contradictions between Tjio's written applications, her affidavit, and her hearing testimony, as well as other perceived problems with both Petitioners' testimony. The IJ found that both Tjio and Soesanto were "totally incredible" and ruled that they had submitted a frivolous application. Alternatively, the IJ held that even if their testimony was believed, they had not established past persecution or a "clear probability of [future] persecution." Finally, the IJ held that the country reports and other materials submitted by Petitioners did not establish a pattern or practice of persecution of Chinese Christians in Indonesia.

The BIA initially upheld all of the IJ's findings in a two-paragraph *per curiam* order dated July 24, 2005. On February 13, 2007, the BIA issued a second opinion and order addressing Petitioners' motion to reopen and reconsider.[3] Therein, the BIA addressed their challenge to the adverse credibility finding and Petitioners' argument that their due process rights had been violated by the IJ's conduct of their hearings.[4] The BIA

---

[3] In the meantime, Petitioners sought review of the BIA's first order. Their Petitions have been consolidated.

[4] Relying in part on cases in which we have criticized Judge Ferlise's conduct. *See Cham v. Attorney General*, 445 F.3d 683 (3d Cir. 2006); *Shah v. Attorney General*, 446 F.3d 429 (3d Cir. 2006); *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir. 2006); *Fiadjoe v. Attorney General*, 411 F.3d 135 (3d Cir. 2005), Petitioners argued to the BIA that Immigration Judge Ferlise had acted improperly.

4

ruled that Judge Ferlise had not acted improperly. Specifically the BIA noted that the IJ's "decision focused on inconsistencies and was often repetitive in describing the credibility problems he saw; however, this does not rise to a violation of due process nor does it establish clear error." Supp. App. at 3. The BIA also found that even though the IJ took "a direct role in questioning," there was no evidence of "badgering or bullying" such as we have previously noted. *Id*. The BIA acknowledged that Judge Ferlise had been reprimanded in several cases, but observed that "one cannot simply assume that he lacked decorum in every case before him." *Id*.

The BIA also found that the IJ's adverse credibility determination was not based on speculation or conjecture, but rather "involved conflicting statements in [Tjio]'s written statements and her testimony about the specifics surrounding [her] claim of persecution." *Id*.

The BIA agreed with the IJ's finding that Petitioners' asylum claim was time-barred, and the Board reaffirmed the IJ's denial of withholding of removal and relief under the CAT. The BIA explained that, regardless of Petitioners' credibility, the incidents they described "do not establish past persecution and are insufficient to establish that it is more likely than not the respondents will be persecuted or tortured if returned to Indonesia." *Id*. at 4. (citing *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)). The BIA did, however, vacate the IJ's finding that Petitioners' asylum application was frivolous.

**IV.**

5

As a threshold matter, we do not have statutory authority to review the findings that the asylum application is time-barred. 8 U.S.C. § 1158(a)(3). *See also Bonhometre v. Gonzales*, 414 F.3d 442 (3d Cir. 2005) (aliens cannot seek review of a claim not presented to the Board).

The BIA's denial of Petitioners' application for withholding is supported by substantial evidence. Petitioners bear the burden of proving that they will more likely than not face persecution on account of a protected ground. *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984). As noted by the BIA, persecution "connotes extreme behavior" such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Supp. App. at 4 (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

The BIA did not clearly err in finding that the incidents described by Tjio and Soesanto do not establish past persecution and are insufficient to establish that it is more likely than not that the respondents will be persecuted or tortured if returned to Indonesia. Moreover, our independent review of their due process claim confirms the BIA's conclusion that the IJ's behavior fell short of "badgering and bullying" the Petitioners. We agree, however, that his conduct of the hearing was certainly not a model of decorum. Nevertheless, the BIA correctly concluded that "most of the discrepancies on which the Immigration Judge relied to find the respondents incredible were revealed during cross-

6

examination when the Immigration Judge was less interruptive."[5]

Even assuming that Petitioners' testimony is credible, there is still substantial evidence to support the BIA's affirmance of the IJ's holding that they did not establish a pattern or practice of persecution. *See also Lie v. Ashcroft*, 396 F.3d 530, 536–38 (3d Cir. 2005) (substantial evidence supported findings that harms to an ethnic Chinese citizen of Indonesia were not so severe as to constitute persecution, and that a pattern or practice of persecution was not established). They certainly underwent hardships, harassment and discrimination. Their plight was aggravated by official corruption on the part of the police. However, we explained in *Fatin v. I.N.S.*, 12 F.3d 1233, 1239 (3d Cir. 1993), that much more is needed to sustain a claim for withholding of removal.

Petitioners' brief does not provide any separate analysis of their CAT claim. However, it is clear from the record that their CAT claim is far weaker than the withholding of removal claim and that it was properly rejected. The mistreatment that they described falls woefully short of "torture." *See Lukwago v. Ashcroft*, 329 F.3d 157, 182-83 (3d Cir. 2003).

Accordingly, we will deny the Petition for Review.

---

[5] The transcript of direct examination reveals that a majority of the questions came from the IJ rather than Petitioners' attorney. At times the transcript reads more like an interrogation than a hearing. Nonetheless, the BIA's decision to uphold the adverse credibility finding is supported by substantial evidence in this instance. Moreover, as we have explained, the record would not support relief even if we accept Petitioners' testimony.